O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 13-1090-DOC(JPRx)                                  Date:  June 24, 2014

Title: MICHAEL ORLANDO -V- LOS ALAMITOS RACING ASSOCIATION

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AS TO STATUTE OF LIMITATIONS [25]**

Before the Court is Defendant Los Alamitos Racing Association's ("Los Alamitos") motion for summary judgment or partial summary judgment on the question of the statute of limitations (Dkt. 25).  The Court finds this matter appropriate for resolution without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the moving papers and the record, the Court GRANTS the motion.

**I.     Background**

Plaintiff Michael Orlando ("Orlando") filed suit against Los Alamitos alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, the Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53, and the California Disabled Persons Act, Cal. Civ. Code §§ 54-54.8.  Orlando's complaint pleads that he is physically disabled and requires a wheelchair to ambulate.  Compl. ¶ 1.  Orlando alleges that he has been going to Los Alamitos for over twenty years, since before the accident that caused his disability.  Compl. ¶¶ 1, 7.  He alleges that various aspects of the Los Alamitos facilities, including

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 13-1090-DOC(JPRx)            Date: June 24, 2014
                                                                             Page 2

the parking lot, betting windows, and clubhouse, are not wheelchair accessible. *See* Compl. ¶¶ 9-16.

Defendant filed several motions for summary judgment, including the instant motion, on May 14, 2014 (Dkt. 25). Plaintiff did not respond. The Court continued the hearing on this motion and ordered Plaintiff to respond by June 9, 2014. *See* Order (Dkt. 28). Plaintiff still has not responded.

Los Alamitos moves for summary judgment on the question of the statute of limitations. Specifically, Los Alamitos seeks an order limiting Orlando's claims to only those incidents that occurred within the appropriate statute of limitations, given that the complaint does not specify the day or days on which Orlando visited the facilities. None of Plaintiff's discovery responses have stated the date of a specific visit. *See* UF 7-8. Repeated attempts to obtain specific dates from Plaintiff's counsel have failed. *See* UF 9-21. Plaintiff's counsel refuses to stipulate to limit Plaintiff's claims to violations occurring within a limited time before the filing of the complaint. *See* UF 23.

## II.     Legal Standard

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is to be granted cautiously, with due respect for a party's right to have its factually grounded claims and defenses tried to a jury. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The court must view the facts and draw inferences in the manner most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1992); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1161 (9th Cir. 1992). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial, but it need not disprove the other party's case. *Celotex*, 477 U.S. at 323. When the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out that the non-moving party has failed to present any genuine issue of material fact as to an essential element of its case. *See Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990).

Once the moving party meets its burden, the burden shifts to the opposing party to set out specific material facts showing a genuine issue for trial. *See Liberty Lobby*, 477 U.S. at 248-49. A "material fact" is one which "might affect the outcome of the suit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 13-1090-DOC(JPRx)            Date: June 24, 2014
           Page 3

---

under the governing law . . . ." *Id.* at 248. A party cannot create a genuine issue of material fact simply by making assertions in its legal papers. *S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co., Inc.*, 690 F.2d 1235, 1238 (9th Cir. 1982). Rather, there must be specific, admissible evidence identifying the basis for the dispute. *Id.* The court need not "comb the record" looking for other evidence; it is only required to consider evidence set forth in the moving and opposing papers and the portions of the record cited therein. Fed. R. Civ. P. 56(c)(3); *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001). The Supreme Court has held that "[t]he mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for [the opposing party]." *Liberty Lobby*, 477 U.S. at 252.

### III. Analysis

There is no federal statute of limitations for an ADA claim, and so "the court must apply the statute of limitations of the most analogous state law." *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1137 n.2 (9th Cir. 2002). "Most district courts have applied California's one-year limit for personal injury actions to federal disability discrimination claims brought in California." *Id.* (citing *Daviton v. Columbia/HCA Healthcare Corp.,* 241 F.3d 1131, 1136 n.8 (9th Cir. 2001)). Similarly, federal district courts apply the personal injury statute of limitations in Unruh Civil Rights Act claims. *Mitchell v. Sung*, 816 F. Supp. 597, 601 (N.D. Cal. 1993). California Code of Civil Procedure § 335.1 applies to personal injury claims and contains a two-year statute of limitations. Cal. Code Civ. Pro. § 335.1.

Los Alamitos argues it is important to determine the statute of limitations period because each visit within a limitations period can yield a separate statutory recovery under California law. *See* Cal. Civ. Code § 52. Los Alamitos therefore moves to limit all claims in the complaint to any acts occurring on or before two years from the filing date of the complaint, July 19, 2013. *See* Compl. (Dkt. 1). The complaint does not specifically plead any theories requiring a pattern or ongoing violation, and asks for only per-incident statutory damages under California law. *See generally* Compl.

Plaintiff has not responded, and so disputes none of the facts listed above. Where there is no genuine dispute of material fact, the Court may find in a party's favor as a matter of law. *See* Fed. R. Civ. P. 56(a). ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). On the undisputed facts, Plaintiff has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 13-1090-DOC(JPRx)            Date: June 24, 2014
                                                                      Page 4

brought causes of action that are subject to a two-year statute of limitations. Plaintiff has not responded to the instant motion, has submitted no evidence of a specific date that he visited the facilities, and has submitted no evidence that the statute of limitations should be tolled or otherwise suspended. Therefore, the undisputed facts show that Los Alamitos is entitled to judgment as a matter of law on any claim outside the two-year limitations period.

Although the motion is styled as a motion for summary judgment, it does not require examining anything other than the pleadings. Therefore, it would more properly be considered as a Rule 12(c) motion for judgment on the pleadings or a Rule 12(b) motion. Either way, the Court GRANTS the motion and limits all of Mr. Orlando's claims to the two-year statute of limitations set out in California Code of Civil Procedure § 335.1.

### IV. Disposition

The motion is GRANTED. The claims in Plaintiff's complaint are limited to events occurring in the two years before the Plaintiff filed the complaint.

The Plaintiff is ORDERED to file an amended complaint consistent with this order on or before **July 11, 2014**.

The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

MINUTES FORM 11
CIVIL-GEN                                                                       Initials of Deputy Clerk: jcb